NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO ALEJANDRO BARBOSA GORDILLO, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-966 <br><br> Agency No. A206-245-027 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2026**
Phoenix, Arizona

Before: BERZON, M. SMITH, and HURWITZ, Circuit Judges.

Hugo Alejandro Barbosa Gordillo, a native and citizen of Colombia, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

an appeal from an order of an Immigration Judge ("IJ") denying asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1] Barbosa also challenges the BIA's denial of his motion to remand. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Barbosa argues that the BIA erred in concluding that he forfeited any challenge to the IJ's dispositive finding that the Colombian government was not unable or unwilling to protect him. We disagree. An appeal to the BIA must not only request reversal of the IJ's decision but also identify "what issues would warrant such reversal." *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024). The section of Barbosa's counseled BIA brief titled "Government quiescence" consists of only one sentence: "The Colombian government cannot provide Respondent with protection." Because this did not sufficiently "put the BIA on notice of what was being challenged," the issue is unexhausted. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (cleaned up); *see also* 8 U.S.C. § 1252(d)(1).

2.      Barbosa also contends that the BIA erred in denying his motion to remand. "We review the BIA's denial of a motion to remand for abuse of discretion." *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025). A petitioner seeking remand based on changed country conditions must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would

---

[1]    The IJ also denied protection under the Convention Against Torture. Barbosa does not challenge that determination.

establish prima facie eligibility for the relief sought." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (cleaned up); *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1115 (9th Cir. 2024) ("A motion to remand is akin to a motion to reopen."). But Barbosa does not explain why evidence that "the President of Colombia was shot at in a helicopter" and that "community activists face pervasive death threats and violence" establishes that the Colombian government is unable or unwilling to protect him. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (holding that the agency did not err in denying a motion to reopen where new evidence "simply recount[ed] generalized conditions in Iran that fail[ed] to demonstrate that [the petitioner's] predicament is appreciably different from the dangers faced by her fellow citizens" (cleaned up)).

3. Barbosa argues that he was denied due process because the IJ failed to cite and apply *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021), when determining whether his proposed particular social group of immediate members of the Gordillo Amado family was cognizable. "Claims of due process violations in immigration proceedings are reviewed de novo." *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir. 1999). Even assuming error, however, Barbosa was not prejudiced given the IJ's dispositive conclusion that the Colombian government was not unable or unwilling to protect him. *See Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 383 (9th Cir. 2003) (en banc) ("As a predicate to obtaining relief for a violation of procedural

due process rights in immigration proceedings, an alien must show that the violation prejudiced him.").

4.     To the extent Barbosa argues that he was denied due process because the IJ took administrative notice of the Colombia 2020 Human Rights Report, the argument fails. The IJ provided clear notice that he was doing so, Barbosa's counsel stated he had no objection, and Barbosa had ample opportunity to respond to the report. *See Circu v. Gonzales*, 450 F.3d 990, 993-94 (9th Cir. 2006) (en banc) (holding that where a country conditions report "contains extra-record facts that are 'controversial,'" an applicant is "entitled both to notice of the IJ's intent to take administrative notice" and "an opportunity to respond to that report" (cleaned up)). Moreover, Barbosa independently submitted the 2020 Report to the IJ prior to the merits hearing.

**PETITION FOR REVIEW DENIED.**[2]

---

[2]     The stay of removal, **Dkt. 3,** will dissolve upon issuance of the mandate.

25-966